*Efp. Ca. Ni. Pri.* 11. *Dall.* 216.

# WESTMORELAND COUNTY.

## September Term, 1793.

JAMES CARNAHAN, Affignee of ADAM CARNAHAN, *v.* JOHN HALL.

TO an action of debt on a bond, dated 20th *April*, 1784, and affigned 22d *April*, 1789, the defendant pleaded payment, with leave to give the fpecial matter in evidence.

*Woods*, for the defendant, ftated, that this bond (with others) was given in payment for a tract of land, the greater part of which was affected by a prior adverfe title. To prove this, after producing an article by *Adam Carnahan*, of the fame date with the bond, for the fale of a tract of land to *Hall*, and conveyance of the land, of the fame date, warranting it againft all former rights; he produced an office copy of a furvey, reciting it as made for *George Rifler*, 23d *September*, 1776, on a warrant granted 20th *August*, 1776.

*Brackenridge* and *Young*, for the plaintiff, objected to this teftimony, for two reafons—

1793.

1. Becaufe *Hall* has never been evicted, but is ftill in poffeffion of the land; and the plaintiff is not, in this action, called on to make good his right againft an adverfe title.

2. Becaufe, if evidence of want of title might be given, this evidence is improper to be received, without firft fhewing the warrant, on which the furvey was made : for the beft evidence muft be produced, or the want of it accounted for, before an inferior kind can be received; and the want of the warrant, unexplained, founds a prefumption, that, if produced, it would make againft the defendant.

*Rofs*, for the defendant. We are not now trying an ejectment; but fhewing why, on equitable grounds, the money fhould not be paid now.

But it was agreed, that the evidence be admitted; but the points be referved for the opinion of the court, and be made part of the record, fo as to be examinable on a writ of error.

The furvey offered was then fhewn, containing 345 acres, and it was proved, that 266 acres of it was of the lands fold by *Adam Carnahan* to *Hall.*

There was a verdict for defendant.

At *December* term, 1793, the opinion of the court was delivered on the referved points.

PRESIDENT. In this cafe two queftions have been referved for our opinion—1. Can want of title, without eviction, be given in evidence, in an action for the price of land fold ?—2. Can a furvey be given in evidence, before the warrant is fhewn ?

1. In an action for money due, the price of land fold, can the defendant give in evidence want of title in the plaintiff, at the time of the fale, and an adverfe title in a third perfon, before any eviction or claim of this third perfon, and while defendant is in poffeffion of the land fold.

Want of confideration may be given in evidence.— What would be a ground for an injunction in Chancery, ought, in *Pennfylvania*, to be given in evidence. This is the moft natural and effectual remedy. Poffeffion of land without title, when a fale is in view, is nothing; it arifes from a trefpafs, and can be no confideration, to make the price of the land a debt due. The

poffeffor remains liable to the true owner, and ought not to pay twice. The man, therefore, who, intending to buy a title, gets only poffeffion, gets nothing; and pays his money, or gives his bond without confideration. If the feller think it a confideration, let him come forward, and indemnify the buyer, againft the owner. His refufing to do this is an acknowledgement of want of confideration.

1793.

Why then fhould not the defendant be allowed to give this want of confideration in evidence ? Is the fituation of the plaintiff worfe, becaufe the defendant has not been evicted ? I think not. If a fuit had been brought, to evict defendant, it would have been the duty of the plaintiff here, to defend the poffeffion and title, which he fold. If the defendant had been evicted without collufion, the judgment would have been conclufive on the plaintiff. The plaintiff muft, at all times, be prefumed to know his own title ; and now the burden of difplaying and eftablifhing the adverfe title, falls on the defendant, who muft fhew want of title in the plaintiff, to make out want of confideration.

Our rules of practice appear to me well enough calculated, to prevent furprife on either party. The plaintiff could not be furprifed, but from his own carelefsnefs. No furprife is pretended. The fpecial matter may be required to be previoufly fet out. Complexity of pleading or evidence may be prevented, by an application to the court, who, I think would have it in their power, to reduce the matter, either of pleading or evidence, into fuch a compafs or form, as not to perplex either the jury or the oppofite party. May not a court as well prevent any improper complexity of evidence, as an improper multiplicity of pleas, or an improper multiplicity of counts in a declaration or indictment ? 3 *T.Rep*.106.

Unlefs there be a difference in this refpect, which I cannot fee, between lands and goods, this point has been determined long ago ; and want of title, without eviction, is warranted by precedent, as a good ground to recover back a price paid. Surely, then, it ought to be a good ground to prevent a payment. An action on the cafe was brought againft L, for deceitfully felling fheep, affirming them to be his, when, in fact, they were the *Furnis v. Leicefter Cro. J.* 474.

K

fheep of *A.* There was a verdict for the plaintiff, and a motion in arreft of judgment, on this, among other grounds, that it was not fhewn, that the plaintiff had any damage, or that *A.* had retaken them, or fued him for them. But this objection was overruled, and judgment was given for the plaintiff: for if he would tarry, till the goods were taken from him, it might peradventure be mifchievous to him, and he fhould be without remedy. I lay no ftrefs on the diftinction between that and the prefent cafe; that, in that cafe, the queftion came directly, in this incidentally, into view: for this diftinction can only be regarded, to prevent furprize. In that action, want of title was the ground of the demand; in this, it is the ground of the defence. I place them on a footing. If a man could recover back, *a fortiori*, he fhall not pay. If this matter could take back the price out of the pocket of the feller; fhall it not keep the price in the pocket of the buyer? If it would fupport an action, fhall it not defeat one? Or fhall the plaintiff recover money to-day, merely that he may be made to refund it to-morrow? I am of opinion, that evidence of want of title, without eviction, is proper in this action.

2. Can an office copy of a furvey be given in evidence, without firft producing the warrant, on which it was made?

I fee no difference, in this refpect, between this action, and an ejectment. For the defendant muft pay, unlefs he can fhew want of title in the plaintiff, and, of courfe title in another. So the queftion is the fame, as in ejectment. Evading payment is taking from him the land. The queftion *cui bono*, for what ufe, fhould the furvey, without a warrant, be admitted, may well be afked. The only ground, on which the furvey, without the warrant, could be admitted, fo far as I can fee, is that, from the furvey, the jury might prefume a warrant. From an arreft, by a lawful officer, a warrant is not prefumed. And, in this cafe, without any other circumftances explaining the abfence of a warrant, which is the beft evidence of an inchoate title, and in the power of the party; the prefumption muft be the other way. From its not being produced, the prefumption is, that a fufficient warrant does not exift; if it do not exift,

there is no adverſe title ſhewn ; and if no adverſe title 1793. be ſhewn, the verdict ought to be for the plaintiff.— The evidence of a ſurvey, therefore, without a warrant, being inadmiſſible, there muſt be a new trial.

NOTE.—This caſe never came on again ; I believe, becauſe it was known that a warrant exiſted, and becauſe more had been paid to *Carnahan*, than the value of the land for which he had title.